## 34925. BAKER v. DANIELS et al.

PER CURIAM.

Baker and three other persons own a certain apartment complex as tenants in common. One of the other co-owners and her husband act as managing agents, collecting rents and making disbursements. This arrangement had its origin in a written agency agreement executed some years ago.

Baker, having unsuccessfully sought to fire the agents from managing his 23.2 percent undivided interest, brought suit in equity seeking to enjoin the continued performance of the two agents as agents for him, and seeking an accounting. The trial court denied the injunction but allowed Baker to pursue an accounting.

Baker appeals the denial of the requested temporary injunction on the theory that the continuation of the agents' performance over his objection amounts to a trespass which may be enjoined.

The basic relationship of the co-owners is set forth in Code Ann. § 85-1003 and subsequent sections, including section 85-1006 authorizing partition. Code Ann. § 55-104 states, "Equity will not interfere to restrain a trespass, unless the injury shall be irreparable in damages, or the trespasser shall be insolvent, or there shall exist other circumstances . . ."which in the court's discretion require an injunction.

At the hearing, Baker introduced no evidence nor allegation of the insolvency of the defendants (the agents), nor of the irreparability of his damages in being excluded from the day-to-day management decisions of the apartment complex. Therefore, Baker failed to bring himself within either of the first two conditions of Code § 55-104 justifying an injunction. Turning to the third condition, we find that no circumstances were shown to render an injunction desirable or workable. Baker's

suggested plan, had the injunction been granted, would require, among other things, that apartment tenants issue two monthly checks — one to him for his percentage of ownership, and one to the agents for the remainder of the rent — with expenditures handled similarly. We agree with the trial judge that such an arrangement is commercially unworkable.

The court did not abuse its discretion in denying the requested injunction.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 18, 1979 — DECIDED
SEPTEMBER 5, 1979.

*Thomas O. Davis,* for appellant.

*Shoob, McLain & Merritt, Robert P. Wilson,* for appellees.